Slip Op. 10-18

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                              :
AMERICAN FURNITURE                            :
MANUFACTURERS COMMITTEE FOR                   :
LEGAL TRADE and VAUGHN-BASSETT                :
FURNITURE COMPANY, INC.                       :
                                              :
            Plaintiffs,                        :
                                              :       Before:        WALLACH, Judge
       v.                                      :       Court No.:     10-00031
                                              :
UNITED STATES et al.                          :
                                              :
            Defendants,                        :
_____:

[Plaintiffs' Motion for Preliminary Injunction is DENIED.]

King & Spalding, LLP (J. Michael Taylor) for Plaintiffs American Furniture Manufacturers
Committee for Legal Trade and Vaughn-Bassett Furniture Company, Inc.

Tony West, Assistant Attorney General; Jeanne E. Davidson, Director, Patricia M. McCarthy,
Assistant Director, Commercial Litigation Brach, Civil Division, U.S. Department of Justice
(Stephen C. Tosini), for Defendant United States.

**OPINION**

**Wallach, Judge:**

**I**
**INTRODUCTION**

       Plaintiffs American Furniture Manufacturers Committee for Legal Trade and Vaughn-

Bassett Furniture Company, Inc. (collectively, "Plaintiff") seek preliminary equitable relief to

establish their position that, for purposes of 19 U.S.C. § 1504(d), the six-month period for

deemed liquidation restarted upon publication of Wooden Bedroom Furniture from the People's

Republic of China: Amended Final Results of Antidumping Duty Administrative Review and

New Shipper Reviews, 74 Fed. Reg. 55,810 (October 29, 2009) ("Amended Results").

Complaint at 9-10, 13.  Because Plaintiff does not satisfy the standard for a preliminary injunction, its requested relief is denied.  In losing its battle, however, Plaintiff in fact wins its war.  The position of Defendants United States; U.S. Customs and Border Protection; Commissioner, U.S. Customs and Border Protection, U.S. Department of Commerce; and Secretary, U.S. Department of Commerce (collectively, "Defendant") that the six-month period for deemed liquidation commenced upon publication of the Amended Results is both legally correct and establishes exactly the legal posture sought by Plaintiff.

**II**
**BACKGROUND**

In August 2009, the U.S. Department of Commerce ("Commerce") rendered its determination in the antidumping duty order review of wooden bedroom furniture from the People's Republic of China, covering the period of review between January 1, 2007 and December 31, 2007 ("POR"). Wooden Bedroom Furniture from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and New Shipper Reviews, 74 Fed. Reg. 41,374, 41,375 (August 17, 2009) ("Final Results").  Commerce assigned an antidumping margin of 29.98 percent for specified exporters of the entries subject to the instant antidumping duty administrative review ("subject entries"). Id. at 41,380.  This antidumping margin was significantly higher than the cash deposit rate applicable during the POR for the exporters of the subject entries, which rate was based upon prior administrative reviews. See Complaint at 2-3 (citing Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order/Pursuant to Court Decision: Wooden Bedroom Furniture From the People's Republic of China, 71 Fed. Reg. 67,099 (November 20, 2006), Wooden Bedroom Furniture from the People's Republic of China: Final Results of the 2004-2005 Semi-Annual

2

New Shipper Reviews, 71 Fed. Reg. 70,739 (December 6, 2006)).

On October 29, 2009, Commerce published the Amended Results, changing the antidumping margin for the subject entries from 29.98 percent to 29.89 percent. Amended Results, 74 Fed. Reg. at 55,811.  Plaintiff thereafter requested that Defendant take actions necessary to liquidate the subject entries pursuant to the Amended Results. Declaration of J. Michael Taylor ("Taylor Decl.") ¶¶ 8, 10-14.  Specifically, Plaintiff expressed concern that if Defendant did not liquidate the subject entries by February 17, 2010—six months after publication of the Final Results—the entries would be deemed liquidated at the significantly lower cash deposit rate by operation of 19 U.S.C. § 1504(d). Id. ¶¶ 10, 13.  Pursuant to this statute, entries not liquidated by U.S. Customs and Border Protection ("Customs") within six months of notice from Commerce "shall be treated as having been liquidated at the rate" initially asserted by the importer. 19 U.S.C. § 1504(d).  Defendant informed Plaintiff that the subject entries would remain unliquidated as of February 17, 2010.[1] Taylor Decl. ¶ 15.

Plaintiff filed this case on February 4, 2010, asserting jurisdiction under 28 U.S.C. § 1581(i). Complaint at 5, 13.  Plaintiff seeks, inter alia, "an emergency injunction ordering Customs to liquidate" the subject entries pursuant to the Amended Results "before February 17, 2010." Id. at 13.  Concurrently with the filing of its Complaint, Plaintiff filed two motions requesting preliminary injunctive relief. Plaintiffs' Motion for Expedited Declaratory Judgment or, in the Alternative, Emergency Injunctive Relief; Plaintiffs' Motion for Temporary Restraining Order and Preliminay [sic] Injunction.  In opposing these motions, Defendant filed a motion to dismiss. Defendants' Motion to Dismiss and Response in Opposition to Plaintiffs'

<hr>

[1] Accordingly, agency action is sufficiently final to require court intervention. See 5 U.S.C. § 706.

Motion for Declaratory and Emergency Injunctive Relief ("Defendant's Motion to Dismiss"). In its motion, Defendant emphasizes the agreement between Plaintiff and Defendant "that deemed liquidation pursuant to 19 U.S.C. 1504(d) will occur six months after issuance of the [Amended Results], on April 29, 2010." Id. at 6 (emphasis added) (citation omitted).

## III
## STANDARD OF REVIEW

Courts examine the following four factors in determining whether to grant preliminary equitable injunctive relief:

(1) a reasonable likelihood of success on the merits;
(2) irreparable harm if an injunction is not granted;
(3) a balance of hardships tipping in [the movant's] favor; and
(4) the injunction's favorable impact on the public interest.

Altana Pharma AG v. Teva Pharms. USA, Inc., 566 F.3d 999, 1005 (Fed. Cir. 2009) (citations omitted).

## IV
## DISCUSSION

Plaintiff is not entitled to a preliminary injunction because none of the four factors weigh in its favor.

## A
## Plaintiff Is Not Likely To Succeed On The Merits

Plaintiff is unlikely to succeed on the merits because the applicable case law demonstrates that the six-month period for deemed liquidation of the subject entries commenced upon publication of the Amended Results. This court and the Federal Circuit recognize that the period for deemed liquidation commences upon publication of the results of an antidumping duty order administrative review. Int'l Trading Co. v. United States, 24 CIT 596, 601, 110 F. Supp. 2d

4

977 (2000) ("Int'l Trading I"), aff'd Int'l Trading Co. v. United States, 281 F.3d 1268 (Fed. Cir. 2002) ("Int'l Trading II"). This outcome is based upon legislative history of 19 U.S.C. § 1504(d) revealing the statutory purpose to "increase certainty in the customs process for importers, surety companies, and other third parties with a potential liability relating to a customs transaction." Int'l Trading I, 24 CIT at 604 (citation omitted); Int'l Trading II, 281 F.3d at 1272 (citation omitted).

Where the final results of an administrative review are substantively amended, as here with respect to the subject entries, the deemed liquidation period commences upon publication of the amended results. This interpretation comports with the rationale underlying the deemed liquidation statute because ignoring such substantive changes will engender confusion, rather than "increase certainty in the customs process." Int'l Trading I, 24 CIT at 604 (citation omitted); Int'l Trading II, 281 F.3d at 1272 (citation omitted). Although this court in October 2009 found the deemed liquidation period to have commenced upon publication of the final results as opposed to subsequent amended results, that case is expressly limited to where the challenged antidumping margin "did not change" between results. See Mazak Corp. v. United States, 2009 Ct. Intl. Trade LEXIS 132, at *23 (October 29, 2009). As this court noted in Mazak, "Defendant's argument that the Amended Results impacted Mazak's antidumping rate is thus ill-conceived, as the all-others rate remained unaltered." Id. at *25 (emphasis added).

Mazak is readily distinguishable from the challenge Plaintiff fears will be initiated by importers of the subject entries, because the margins assigned to the pertinent exporters did change between the Final Results and Amended Results. See Complaint at 2, Mazak, 2009 Ct. Intl. Trade LEXIS 132, at *22-25. Therefore, with respect to the exporters assigned different

5

antidumping margins in the <u>Final Results</u> and <u>Amended Results</u>, the six-month period for deemed liquidation commences upon publication of the <u>Amended Results</u> and runs on April 29, 2010.  It could not be otherwise, because under the statutory scheme enacted by Congress, the United States must have up to six months (though no more than that) to fulfill its mandate.  Given this correct interpretation of 19 U.S.C. § 1504(d), Plaintiff is not at all likely to succeed on the merits.

**B**
**Plaintiff Will Not Be Irreparably Harmed Without The Injunction**

The interpretation of 19 U.S.C. § 1504(d) rendering Plaintiff unlikely to succeed on the merits similarly negates the requisite irreparable harm.  In alleging irreparable harm if an injunction does not issue by February 17, 2010, Plaintiff argues that importers of the subject entries might file suit under 28 U.S.C. § 1581(a) to establish that deemed liquidation occurred within six months of the <u>Final Results,</u> in which case Plaintiff would not be able to intervene pursuant to 28 U.S.C. § 2631(j)(1)(A).[2] Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss at 6.  However, the applicable case law and legislative history demonstrate that the deemed liquidation period for the subject entries commences upon publication of the <u>Amended Results</u>. <u>See</u> <u>supra</u> Part IV.A.  Since the importers of the subject entries would not succeed on the merits in the challenge envisioned by Plaintiff, there will not be any "irreparable harm if an injunction is not granted." <u>Altana Pharma</u>, 566 F.3d at 1005.

**C**
**The Balance Of Hardships And Public Interest Factors Favor Defendant**

Plaintiff seeks emergency injunctive relief to compel liquidation of the subject entries

---

[2] In such a circumstance, Plaintiff could, however, seek to participate as <u>amicus curiae</u>. <u>See</u> USCIT R. 76.

pursuant to the Amended Results prior to February 17, 2010. Complaint at 13. Defendant correctly interprets 19 U.S.C. § 1504(d) when it concludes that the subject entries will be deemed liquidated on April 29, 2010. See Defendant's Motion to Dismiss at 6; supra Part IV.A. Plaintiff is here asking this court to prematurely interpret 19 U.S.C. § 1504(d) and prematurely compel Defendant to act. This relief imposes a substantially greater hardship on Defendant because it interferes with a systematic approach to liquidation. Moreover, Plaintiff is asking this court to turn on its head the ordinary approach for reviewing agency action. Courts are to assess agency action to determine whether it is consistent with statutory language and otherwise reasonable. See Chevron U.S.A. Inc. v. Natural Res. Defense Council, Inc., 467 U.S. 837, 842, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984). Rather than compel Defendant to act prior to the deemed liquidation occurring, the public interest is best served here by allowing Defendant to liquidate the subject entries pursuant to its correct legal interpretation and without preemptive judicial interference.

**V**
**CONCLUSION**

For the above stated reasons, it is hereby ORDERED that Plaintiffs' Motion for Preliminary Injunction is DENIED.

__/s/ Evan J. Wallach____
Evan J. Wallach, Judge

Dated: February 16, 2010
      New York, New York